## In re FARMER'S ESTATE.

### (Surrogate's Court, New York County.    June 16, 1888.)

¯WILLS—CONSTRUCTION—SUSPENDING POWER OF ALIENATION.
    A provision in a will that the executors shall deposit the fund in a savings bank, and pay the interest semi-annually to the legatees, but that the legacies shall not be paid untill five years after the testator's decease, does not constitute an unlawful suspension of the power of alienation.

Application to admit to probate the will of Hannah Farmer, deceased.
*George H. Kracht*, for proponents.    *James H. Wood*, for contestant.

RANSOM, S.    By the provision of this will, $2,000 was given to the daughter of testatrix, and the residue of the estate, after the usual direction as to debts and a legacy of $50, was given to her son.    The executors were directed to deposit the funds in a savings bank, paying the interest semi-annually to ¯the beneficiaries; but the legacies were not to be paid until five years after her decease.    It is claimed by the contestant that such a disposition constituted an unlawful suspension of the power of alienation; and the case of *Smith* v. *Edwards*, 88 N. Y. 92, is cited in support of this contention.    That case is not in point.    There the whole interest upon the fund in question was not _given to the legatees, but was diverted to other purposes during the delay of payment.    This case comes clearly within the rule laid down in *Warner* v. *Durant*, 76 N. Y. 133.    Let a decree be presented, admitting the will to pro-·bate.